## CHARLESTON

BLUEFIELD PRODUCE & COMMISSION COMPANY *v.* THE CITY OF
BLUEFIELD.

Submited February 6, 1912.   Decided January 28, 1913.

1.  APPEAL AND ERROR—*Review—Verdict—Conflicting Evidence.*
    A verdict founded on conflicting evidence, uncontrolled by
    admitted or established facts inconsistent therewith, will not
    be set aside, except for errors in the course of the trial.  (p. 697).

2.  TRIAL—*Instructions—Request to Change—Instructions Given.*
    Instructions need not be repeated.   (p. 697).

3.  SAME—*Instructions—Request to Change.*
    A party on whose motion evidence has been striken out is
    not entitled to an instruction based upon it.  (p. 697).

Error to Circuit Court, Mercer County.

Action by the Bluefield Produce & Commission Company
against the City of Bluefield.  Judgment for defendant, and
plaintiff brings error.

*Affirmed.*

*Anderson, Strother & Hughes* and *Ross & Kahle* for
plaintiff in error.

*D. E. French* for defendant in error.

POFFENBARGER, PRESIDENT:

In an action by the Bluefield Produce & Commission Com-
pany against the City of Bluefield for alleged damages to its
building by blasting in the street adjoining it with dynamite,
there was a verdict and judgment for the defendant.  On the
writ of error, there is no specification of evidence rejected and
evidence admitted, concerning which there is a general com-
plaint in the assignments of error, for which reason we enter
upon no inquiry as to the propriety of the rulings of the court
on the admission and rejection thereof.  The only remaining
assignments relate to the refusal of the court to give two
instructions requested by the plaintiff and the overruling of
the motion for a new trial.

As to the cause of the damaged condition of the building, the evidence is highly conflicting. Some of the witnesses for the plaintiff say they were in it at the time the blast was put off and noticed a very perceptible jar and the falling of mortar and dirt and immediaetly afterwards discovered cracks in the walls. As to whether there were such cracks before the explosion, they say only that they had noticed none. None of them testify to any previous examination of the walls. The building is a three story concrete block structure, erected on a hill side. The corner at which the large cracks are found is proven to have been laid on clay as a basis for the foundation wall and the balance of it rests upon stone or shale. This portion of the building is on the opposite side or end from that in front of which the blast was put in. As to the character of the shock, the witnesses differ radically in their testimony. None of the glass in any of the windows was broken or cracked and a great deal of expert testimony was introduced as to the probable effect of the blast and also as to the probability of the cracks having been caused by the settling of the building. It would be useless to set out this testimony in detail, since it would not materially vary the substance of it, as here stated, and would involve waste of time. On the evidence the issue was clearly one for the jury.

It only remains to inquire whether the court erred in the refusal of two instructions. One of them was based upon testimony which the court struck out on the plaintiff's own motion. That testimony out, there was no basis for the instruction. Hence the court properly refused it. The other one is the same in substance and effect as one the court had already given, telling the jury they should find for the plaintiff if they believed from the evidence its building was damaged by the use of dynamite as an explosive in its street in the vicinity thereof. Instruction No. 2, refused, was to the same general effect. After a recital of the inherently dangerous character of dynamite, it would have required the jury to find for the plaintiff if they believed the defendant had caused work to be done in altering or lowering the grade of its street in the immediate vicinity of the property of the plaintiff and used dynamite as an explosive in doing said work and thereby

caused injury and damage to the building. There was no conflict in the evidence as to the character of dynamite and the necessity of care in its use. That was not a controverted matter. Hence there was no justification for a submission of it to the jury. The caution of the proposed instruction as to its character was a violation of the rule precluding the laying of stress upon particular facts in the giving of instructions.

The judgment complained of will be affirmed.

*Affirmed.*